UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ARMANDO RUBEN FAZZOLARI,
JULIO ROBERTO PEREZ,

          Plaintiff,

    - v.

REPUBLIC OF ARGENTINA,

          Defendant.

------------------------------------------------------------x

15 CV 03523

COMPLAINT

RECEIVED MAY 05 2015 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs Armando Ruben Fazzolari ("Mr. Fazzolari") and Julio Roberto Perez ("Mr. Perez" and together with Fazzolari collectively, the "Plaintiffs") by their undersigned attorneys Gleason & Koatz, LLP for their Complaint against Defendant Republic of Argentina ("Argentina") allege as follows:

## PARTIES

1. Mr. Fazzolari is a citizen and resident of Argentina.

2. Mr. Perez is a citizen and resident of Argentina.

3. Argentina is a foreign state as defined by 28 U.S.C. 1603(a).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1330 as Argentina is a Foreign State which has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of the Fiscal Agency Agreement, dated October 19, 1994 (the "FAA") by bond holders issued thereunder and is, therefore entitled to immunity under 28 U.S.C §§1605-07 or under any applicable international agreement.

1

5. Venue is proper in this district by agreement of the Plaintiffs and Argentina and pursuant to 28 U.S.C. §1391(f).

6. In addition, Argentina consented in the FAA to submit to the jurisdiction of this Court with respect to the actions arising out of the FAA or bonds issued thereunder.

7. Pursuant to Section 22 of the FAA, Argentina appointed Banco de la Nacion Argentina, 299 Park Avenue, New York, New York 10171, as its authorized agent for service of process. Paragraph 23 of the FAA provides that the FAA shall be "governed by, and interpreted in accordance with, the laws of the State of New York."

## NATURE OF THE ACTION

8. Mr. Fazzolari acquired one bond issued by Argentina in the principal total amount of $122,000.00, bearing coupon No. 040114AR1, ("the "Fazzolari Bond") with an interest of 11.375 %. The Fazzolari Bond was issued by Argentina pursuant to certain Underwriting Agreement dated as of August 1, 2000.

9. The Fazzolari Bond pays interest semiannually and has a maturity date of January 30, 2017.

10. Mr. Perez acquired one bond issued by Argentina in the principal total amount of $72,000.00, bearing coupon No.US040114FC91, (the "Perez Bond") with an interest of 11.375 %. The Perez Bond was issued by Argentina pursuant to certain Underwriting Agreement dated as of August 1, 2000.

11. The Perez Bond pays interest semiannually and has a maturity date of March 15, 2005

12. Under Section 15 of the Underwriting Agreement, Argentina agreed (i) to submit to the jurisdiction of this Court, (ii), that service of process upon it may be made by delivering appropriate papers to Banco de la Nación Argentina, New York Agency, and (iii) to waive any claim of sovereign immunity.

13. Argentina also issued the Bonds pursuant to Section 12 of the FAA, the following, inter alia, are defined as "Events of Default" -

(a) <u>Non-Payment</u>: Argentina fails to pay any principal of any of the Securities of such Series when due and payable or fails to pay any interest on any of the Securities of such Series when due and payable and such failure continues for a period of 30 days; or

(b) <u>Moratorium</u>: a moratorium on the payment of principal of, or interest on, the Public External Indebtedness of Argentina shall be declared by Argentina

14. Paragraph 12 of the FAA provides that following an Event of Default, a bond holder may give Argentina written notice and declare "the principal amount of such Securities held by it to be due and payable immediately" together with all accrued interest

15. Pursuant to Section 22 of the FAA, Argentina (i) appointed Banco de la Nación Argentina as its agent for service of process, (ii) agreed to submit to the jurisdiction of this Court, and (iii) agreed to waive any claim of immunity, including, but not limited to, sovereign immunity.

16. In December 2001, Argentina committed on Event of Default by declaring a moratorium on the payment of principal and interest with respect to all of its foreign debt, including all payments due to plaintiff under the Bonds.

3

Since September 2001, Argentina has failed to make any payment of interest or principal to Plaintiffs that is due and payable under the Bonds.

18. By reason of the foregoing Argentina committed an Event of Default and has materially breached its obligations to the Plaintiffs under the Bonds.

19. As a direct result of the foregoing, the Plaintiffs have suffered damages in the amount not less than $196,000.00 each plus applicable interest.

20. This Court on March 26, 2008 granted Plaintiff's motion for summary judgment for the principal amount of the Fazzolari Bond and Perez Bond issued by the Argentina plus accrued interest (the "2008 Judgment"). (See: Exhibit A: Judgment and Order).

## FACTUAL ALLEGATIONS

21. Beginning in 2005 and continuing to the present day, Argentina has engaged in a course of conduct that violates the Equal Treatment Provision. Argentina held bond exchanges in 2005 and 2010 in connection with which it issued bonds (the "Exchange Bonds") with payment obligations that rank higher in order of payment than those issued under the FAA, including Plaintiffs' Bonds. These Exchange Bonds meet the definition of "External Indebtedness" in the FAA.

22. Argentina's issuance of these higher ranking bonds, facilitated by Law 26,017 passed in 2005, and Law 26,547 passed in 2009, and its payment and attempted payment of interest to the holders of the Exchange Bonds as such interest becomes due-while paying nothing to Plaintiffs and other bondholders who did not participate in the 2005 or 2010 exchanges-violates the Equal Treatment Provision of the FAA.

4

Law 26,017 provides, among other things, that the "national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds" held by Plaintiffs.

24. Law 26,547 provides, among other things, that the "Republic of Argentina ... is forbidden to offer to the holders of public debt [including those issued pursuant to the FAA] that have brought judicial, administrative, or arbitration proceedings or any other type of proceeding [to enforce their rights], treatment more favorable than the treatment afforded to holders who did not bring such proceedings.

25. Shortly thereafter, President Kirchner announced that Argentina would offer a new bond exchange that would replace the Exchange Bonds with new bonds governed by Argentine law and payable in Argentina. This plan to evade the rulings of United States courts evidences Argentina's continuing intention not to fulfill its obligation pursuant to the Equal Treatment Provision.

The Republic of Argentina's Violations of the Equal Treatment Provision

26. The FAA contains an Equal Treatment Provision that states:

> *The Securities will constitute ... direct, unconditional, unsecured and unsubordinated obligations of the Republic. The payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness (as defined in this Agreement).*

27. According to its plain language, the Equal Treatment Provision prohibits Argentina from making or attempting to make a payment to a holder of External Indebtedness without making a ratable payment to Plaintiffs on Plaintiffs'

5

28. In 2001, Argentina declared a moratorium (the "Moratorium") on the bonds governed by the FAA (as well as on other bonds). Argentina has passed legislation each year renewing the Moratorium.

29. In 2005, Argentina attempted to restructure its defaulted debt by offering a bond exchange to all holders of non-performing bonds, including the bonds governed by the FAA (the "2005 Exchange").

30. The Prospectus for the 2005 Exchange stated:

> *Existing defaulted bonds eligible for exchange that are not tendered may remain in default indefinitely ....The Government has announced that it has no intention of resuming payment on any bonds eligible to participate in [the] exchange offer. ... that are not tendered or otherwise restructured as part of such transaction. Consequently, if you elect not to tender your bonds in an exchange offer there can be no assurance that you will receive any future payments in respect to your bonds.*

31. Holders of approximately 25% of Argentina's non-performing bonds did not participate in the 2005 Exchange.

32. Plaintiffs did not participate in the 2005 Exchange.

33. In 2005, Argentina began making semi-annual interest payments to holders of bonds issued in the 2005 Exchange (such bonds, the "2005 Exchange Bonds," and such holders, the "2005 Exchange Bondholders").

34. Argentina paid all subsequent interest due on the 2005 Exchange Bonds until the payment that came due on June 30, 2014. On June 26, 2014 Argentina attempted to initiate payment to certain holders of 2005 Exchange Bonds by transmitting funds to Bank of New York Mellon ("BNY") as trustee. By reason of Orders issued by the Court, BNY did not further transmit these funds to holders of

the 2005 Exchange Bonds. *NML Capital, Ltd. v. Republic of Argentina*, No. 08 Civ. 6978 (TPG) (S.D.N.Y. Aug. 6, 2014) (ECF No. 633).

35. Upon information and belief, Argentina intends to continue paying or attempting to pay interest on all 2005 Exchange Bonds as it becomes due.

36. To facilitate the 2005 Bond Exchange, the Senate and Chamber of Deputies of the Argentine Nation passed Law 26,017 (the "Lock Law") on February 9, 2005.

37. In its January 28, 2010 Prospectus, Argentina explained the purpose and effect of the Lock Law as follows:

38. Article 1 of the Lock Law provides that Bonds not tendered in the 2005 Exchange would be subject to the following provisions:

   a. Article -2 The national Executive Power may not with respect to the bonds referred to in Article 1 of this law, reopen the swap process established in the aforementioned Decree No. 1735/04.

   b. Article 3 - The national State shall be prohibited from conducting any type of in-court, out-of-court or private settlement with respect to the bonds referred to in Article 1 of this law.

   c. Article 4 - The national Executive Power must within the framework of the terms of issuance of the respective bonds, and the applicable laws and regulations in the corresponding jurisdictions-order the pertinent administrative acts and fulfill the necessary procedures to remove the bonds referred to in the preceding article from listing on all domestic and foreign securities markets and exchanges

39. Argentina violated the Equal Treatment Provision of the FAA by lowering the rank of its payment obligations under Plaintiffs Bonds below that of other unsecured and unsubordinated External Indebtedness by relegating Plaintiffs

7

40. In 2009, in preparation for a new bond exchange that took place in 2010 (the "2010 Exchange"), the Argentine Senate and Chamber of Deputies passed Law No. 26,547 which, among other things, suspended the Lock Law for purposes of the 2010 Exchange.

Law 26,547 provides:

    a. Article 1. The operation of Articles 2, 3, and 4 of Law No. 26,017 is suspended until 31 December 2010, or until the National Executive Branch, through the Ministry of Economy and Public Finance, declares that the process of restructuring the public instruments covered by said law is completed, whichever occurs first.

    b. Article 3. The financial terms and conditions that may be offered may not be equal to or better than those offered to creditors in the debt restructuring established by Decree No. 1735/04.

    c. Article 5. It is forbidden to offer to the holders of public debt that have brought judicial, administrative, or arbitration proceedings or any other type of proceeding treatment more favorable than the treatment afforded to holders who did not bring such proceedings.

41. The prospectus for Argentina's 2010 Exchange stated:

*Eligible Securities in default that are not exchanged pursuant to the Invitation may remain in default indefinitely. In light of its financial and legal constraints, Argentina does not expect to resume payments on any eligible Securities in default that remain outstanding following the expiration of the Invitation. Argentina has opposed vigorously, and intends to continue to oppose, attempts by holders who did not participate in its prior exchange offers to collect on its defaulted debt through ... litigation . . . and other legal proceedings against Argentina. Argentina remains subject to significant legal constraint regarding its defaulted debt. ...Consequently, if you elect not to tender your Eligible Securities in default pursuant to the*

8

*Invitation, there can be no assurance that you will receive any future payments or be able to collect through litigation in respect of your Eligible Securities in default.*

42. Plaintiffs did not participate in the 2010 Exchange.

43. Argentine courts have held that the Lock Law and the Moratorium prevent them from recognizing and enforcing Non-tendering Bondholders' New York judgments.

44. Argentina violated the Equal Treatment Provision of the FAA by relegating Plaintiffs' Bonds to a non-paying class pursuant to Law 26,517.

45. In 2010, Argentina began making semi-annual interest payments to Holders of bonds issued in the 2010 Exchange (such bonds, the "2010 Exchange Bonds," and such holders, the "2010 Exchange Bondholders."

46. Argentina paid all interest due on the 2010 Exchange Bonds until the payment due on June 30, 2014. On June 26, 2014, Argentina attempted to initiate payment to certain holders of 2010 Exchange Bonds by transmitting funds to BNY as trustee. By reason of orders issued by this Court, BNY did not further transmit those funds to holders of the 2010 Exchange Bonds. *NML Capital, Ltd v. The Republic of Argentina,* No. 08 Civ. 6978 (TPG) (S.D.N.Y. Aug. 6, 2014) (ECF No. 633).

47. Upon information and belief, Argentina intends to continue paying or attempting to pay interest on all 2010 Exchange Bonds as it becomes due.

48. Upon information and belief, without an order of this Court, Argentina will continue to pay or attempting to pay the 2005 and 2010 Exchange Bondholders while paying nothing to Plaintiffs in violation of the Equal Treatment Provision.

49. Plaintiffs have been damaged as a result of Argentina's violations and

will continue to be damaged by the continuing violation of the Equal Treatment Provision.

## CLAIM FOR RELIEF
(For Specific Performance of the Equal Treatment Provisions)

50. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1-50.

51. Plaintiffs seeks specific performance of Argentina's payment obligations pursuant to the Equal Treatment Provision contained in paragraph 1 (c) of the FAA, which provides for equal treatment in terms of rank and priority of payment for holders of bonds issued pursuant to the FAA with respect to any unsecured and unsubordinated External Indebtedness, as defined in the FAA (the "Equal Treatment Provision").

52. Pursuant to ~ 1 (c) of the FAA (i.e. the Equal Treatment Provision), Argentina provided that its bonds issued pursuant to the FAA would constitute "direct, unconditional, unsecured and unsubordinated obligations of the Republic" and that "[t]he payment obligations of the Republic under the Securities shall at all times rank at least equally with all its other present and future unsecured and unsubordinated External Indebtedness .... "

53. Argentina, therefore, may not make any payment or attempt to make any payment on its 2005 and 2010 Exchange Bonds without also making a ratable payment at the same time to Plaintiffs and on their beneficial interests in bonds issued pursuant to the FAA.

54. Argentina has engaged in a course of conduct that violates the Equal Treatment Provision.

10

55. Through the passage of Law 26,017 ("the Lock Law") Argentina issued a new series of bonds with payment obligations that rank higher than those held by Plaintiff and violates the Equal Treatment Provision.

56. The bonds issued in the 2005 Exchange and the 2010 Exchange are External Indebtedness.

57. Argentina's legislative actions forbidding payment on non-tendered bonds violates the Equal Treatment Provision.

58. Argentina's past payments of interest to 2005 Exchange Bondholders, while paying nothing to Plaintiffs, violates the Equal Treatment Provision.

59. Argentina's continuing payments and attempts to pay interest to 2005 Exchange Bondholders without ratable payment to Plaintiffs will be further and continuing violations of the Equal Treatment Provision.

60. Argentina's past payments of the scheduled interest to 2005 Exchange Bondholders, while paying nothing to Plaintiffs, violated the Equal Treatment Provision

61. Argentina's continuing payments of interest and attempts to pay interest to 2010 Exchange Bondholders without ratable payment to Plaintiffs will be further and continuing violations of the Equal Treatment Provision

62. Plaintiffs have suffered irreparable injury from Argentina's violation of the Equal Treatment Provision and will continue to suffer such injury unless the Court specifically enforces the Equal Treatment Provision with a mandatory injunction requiring Argentina to pay Plaintiffs ratably whenever it pays interest or attempts to pay interest to 2005 or 2010 Exchange Bondholders.

63. Remedies available at law are inadequate to compensate Plaintiffs for

11

64. Plaintiffs performed their part of the contract with Argentina.

65. Argentina is capable of performing its obligations pursuant to the Equal Treatment Provision.

66. The balance of the equities tips toward the issuance of an injunction.

67. The public interest would not be disserved by a permanent injunction.

68. Plaintiffs hereby join in and adopt as their own Exhibits (Document No. 1- <u>Exhibit A</u>, <u>Exhibit I</u> and Exhibit J) contained in the Complaint in the matter of *NML Capital, LTD., v. The Republic of Argentina* - Case Number 14 CV 8601 filed on October 28, 2014.

WHEREFORE, Plaintiffs demands judgment against Argentina, as follows:

a) An Order specifically enforcing the Equal Treatment Provision, by requiring ratable payment to Plaintiffs whenever Argentina makes or attempts to make Payments on the 2005 and 2010 Exchange Bonds.

b) Awarding Plaintiff costs, attorneys' fees and such other and further relief as the Court shall deem just and proper.

Dated: May 5 2015
New York, New York

Gleason Koatz, LLP
By: *[signature]*
John P. Gleason

122 East 42nd Street
New York, New York 10168
(212) 986-1544
*Attorneys for Plaintiff*

*Exhibit "A"*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 3 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ARMANDO RUBEN FAZZOLARI and
JULIO ROBERTO PEREZ,

         Plaintiffs,

- v. -

REPUBLIC OF ARGENTINA,

         Defendant.

------------------------------------------------------------x

05 CV 9072 (TPG)

JUDGMENT

#08,0965

      WHEREAS Summary Judgment has been granted by Judge Thomas P. Griesa pursuant to Fed. R. Civ. P. 56 (c) on the 26th day of March, 2008, and plaintiffs' action is based on the enforcement of debts and obligations by defendant in favor of plaintiff Armando Ruben Fazzolari (i) with respect to ISIN US040114AR16 in the principal amount of $122,000.00 and containing pre-calculated interest of 11.375 % to be paid semiannually making a total amount due of $201,795.62, (ii) and in favor of plaintiff Julio Roberto Perez with respect to ISIN US040114FC91 in the principal amount of $72,000.00 and containing pre-calculated interest of 11.375 % to be paid semiannually making a total amount due of $119,092.50, it is therefore;

      ORDERED, ADJUDGED AND DECREED that judgment be and hereby entered in favor of the plaintiff Armando Ruben Fazzolari and against the defendant Republic of Argentina for a total sum of $122,000.00 plus accrued interest of $79,795.624, making a total amount due of $201, 795.62, and it is further

      ORDERED, ADJUDGED AND DECREED that judgment be and hereby

entered in favor of the plaintiff Julio Roberto Perez and against the defendant Republic of Argentina for a total sum of $72,000.00, plus accrued interest of $47,092.50, making a total amount due of $119,092.50, and it is further

ORDERED that until further notice from the Court plaintiffs shall refrain from selling or otherwise transferring their beneficial interest in the bonds involved in this action without advising the Court in advance and obtaining permission of the Court.

Dated: New York, New York
       June 3, 2008

J. Michael MacMahon
Clerk of Court

By: _____
    Deputy Clerk

Thomas P. Griesa
USDJ

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____

2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
Bondholder Actions Against the Republic of Argentina        :        [PROPOSED] ORDER
(Captions Below)                                            :
                                                            :
------------------------------------------------------------X

Lightwater Corp. v. Republic of Argentina, 02 Civ. 3804 (TPG)
Old Castle Holdings, Ltd. v. Republic of Argentina, 02 Civ. 3808 (TPG)
Applestein TTEE FBO D.C.A. Grantor Trust, et al. v. Republic of Argentina,
02 Civ. 4124 (TPG)
Macrotecnic Int'l Corp. v. Republic of Argentina, 02 Civ. 5932 (TPG)
Etevob, et al. v. Republic of Argentina & Province of Buenos Aires, 03 Civ. 1680 (TPG)
EM Ltd. v. Republic of Argentina, 03 Civ. 2507 (TPG)
Franceschi, et al. v. Republic of Argentina, 03 Civ. 4693 (TPG)
Mazzini, et al. v. Republic of Argentina, 03 Civ. 8120 (TPG)
Latinburg S.A. v. Republic of Argentina, 03 Civ. 8528 (TPG)
Fontana, et al. v. Republic of Argentina, 03 Civ. 8531 (TPG)
NML Capital, Ltd. v. Republic of Argentina, 03 Civ. 8845 (TPG)
Franco, et al. v. Republic of Argentina, 03 Civ. 9537 (TPG)
Denchu Invest. Corp. v. Republic of Argentina, 03 Civ. 9538 (TPG)
Seijas, et al. v. Republic of Argentina, 04 Civ. 400 (TPG)
Seijas, et al. v. Republic of Argentina, 04 Civ. 401 (TPG)
Castro v. Republic of Argentina, 04 Civ. 506 (TPG)
Hickory Sec., Ltd. v. Republic of Argentina, 04 Civ. 936 (TPG)
Azza, et al. v. Republic of Argentina, 04 Civ. 937 (TPG)
Million Air Corp. v. Republic of Argentina, 04 Civ. 1048 (TPG)
Prima, et al. v. Republic of Argentina & Province of Buenos Aires, 04 Civ. 1077 (TPG)
Azza, et al. v. Republic of Argentina, 04 Civ. 1085 (TPG)
Puricelli v. Republic of Argentina, 04 Civ. 2117 (TPG)
Chorny v. Republic of Argentina, 04 Civ. 2118 (TPG)
Colella, et al. v. Republic of Argentina, 04 Civ. 2710 (TPG)
Mazoral, S.A. v. Republic of Argentina, 04 Civ. 3313 (TPG)
Morata, et al. v. Republic of Argentina, 04 Civ. 3314 (TPG)
Exposito v. Republic of Argentina, 04 Civ. 3639 (TPG)
Moldes, et al. v. Republic of Argentina & Province of Buenos Aires, 04 Civ. 6137 (TPG)
Cilli, et al. v. Republic of Argentina, 04 Civ. 6594 (TPG)
Buczat, et al. v. Republic of Argentina, 04 Civ. 7056 (TPG)
Rosa, et al. v. Republic of Argentina, 04 Civ. 7504 (TPG)
Consolini, et al. v. Republic of Argentina, 05 Civ. 177 (TPG)
Legnaro, et al. v. Republic of Argentina & Province of Buenos Aires, 05 Civ. 178 (TPG)
Banca Arner S.A. v. Republic of Argentina, 05 Civ. 277 (TPG)
Bonvecchi, et al. v. Republic of Argentina, 05 Civ. 2159 (TPG)
Arrigoni, et al. v. Republic of Argentina, 05 Civ. 2275 (TPG)
NML Capital, Ltd. v. Republic of Argentina, 05 Civ. 2434 (TPG)
Martinez, et al. v. Republic of Argentina, 05 Civ. 2521 (TPG)

Ferri, et al. v. Republic of Argentina, 05 Civ. 2943 (TPG)
Rigueiro, et al. v. Republic of Argentina, 05 Civ. 3089 (TPG)
FFI Fund Ltd., et al. v. Republic of Argentina, 05 Civ. 3328 (TPG)
Bechara, et al. v. Republic of Argentina, 05 Civ. 3825 (TPG)
Sauco, et al. v. Republic of Argentina, 05 Civ. 3955 (TPG)
Capital Ventures Int'l v. Republic of Argentina, 05 Civ. 4085 (TPG)
Marangoni v. Republic of Argentina, 05 Civ. 4128 (TPG)
Strugo v. Republic of Argentina, 05 Civ. 4149 (TPG)
Montreux Partners, L.P. v. Republic of Argentina, 05 Civ. 4239 (TPG)
Bettoni, et al. v. Republic of Argentina, 05 Civ. 4299 (TPG)
Fedecostante, et al. v. Republic of Argentina, 05 Civ. 4466 (TPG)
Meridian Invest. & Bus. Corp. v. Republic of Argentina, 05 Civ. 5197 (TPG)
Lisi, et al. v. Republic of Argentina, 05 Civ. 6002 (TPG)
Rossini, et al. v. Republic of Argentina & Province of Buenos Aires, 05 Civ. 6200 (TPG)
Klein, et al. v. Republic of Argentina, 05 Civ. 6599 (TPG)
Lovati v. Republic of Argentina, 05 Civ. 8195 (TPG)
Botti, et al. v. Republic of Argentina, 05 Civ. 8687 (TPG)
Fazzolari, et al. v. Republic of Argentina, 05 Civ. 9072 (TPG)
Los Angeles Capital v. Republic of Argentina, 05 Civ. 10201 (TPG)
GMO Emerging Country Debt L.P. v. Republic of Argentina, 05 Civ. 10380 (TPG)
GMO Emerging Country Debt Invest. Fund PLC v. Republic of Argentina,
05 Civ. 10382 (TPG)
GMO Emerging Country Debt Fund v. Republic of Argentina, 05 Civ. 10383 (TPG)
Pasquali, et al. v. Republic of Argentina, 05 Civ. 10636 (TPG)
Capital Ventures Int'l v. Republic of Argentina, 06 Civ. 207 (TPG)
Wagner, et al. v. Republic of Argentina, 06 Civ. 1091 (TPG)
Angulo, et al. v. Republic of Argentina, 06 Civ. 1590 (TPG)
Settin, et al. v. Republic of Argentina, 06 Civ. 3068 (TPG)
Bolland, et al. v. Republic of Argentina, 06 Civ. 3196 (TPG)
Amoroso v. Republic of Argentina, 06 Civ. 3197 (TPG)
Bliway Int'l S.A. v. Republic of Argentina, 06 Civ. 3198 (TPG)
Ladjevardian, et al. v. Republic of Argentina, 06 Civ. 3276 (TPG)
Alzugaray, et al. v. Republic of Argentina, 06 Civ. 3976 (TPG)
Cordoba Capital v. Republic of Argentina, 06 Civ. 5887 (TPG)
Schwald, et al. v. Republic of Argentina, 06 Civ. 6032 (TPG)
Teachers Ins. and Annuity Ass'n of America v. Republic of Argentina, 06 Civ. 6221 (TPG)
NML Capital, Ltd. v. Republic of Argentina, 06 Civ. 6466 (TPG)
Ivelo Holding Corp. v. Republic of Argentina, 06 Civ. 7100 (TPG)
Beltramo, et al. v. Republic of Argentina, 06 Civ. 7151 (TPG)
Claren Corp. v. Republic of Argentina, 06 Civ. 13675
Tadayon v. Republic of Argentina, 06 Civ. 14299 (TPG)
Hansen v. Republic of Argentina, 06 Civ. 15293 (TPG)
Crostelli, et al. v. Republic of Argentina, 06 Civ. 15300 (TPG)
Capital Mkts. Fin. Servs., et al. v. Republic of Argentina, 06 Civ. 15301 (TPG)
Caronte Ltd., S.A. v. Republic of Argentina, 06 Civ. 15316 (TPG)
Beyer, et al. v. Republic of Argentina, 07 Civ. 98 (TPG)
Palladini, et al. v. Republic of Argentina, 07 Civ. 689 (TPG)

Catto, et al. v. Republic of Argentina, 07 Civ. 937 (TPG)
Wilton Capital, Ltd. v. Republic of Argentina, 07 Civ. 1797 (TPG)
Los Angeles Capital v. Republic of Argentina, 07 Civ. 2349 (TPG)
Dolcetti, et al. v. Republic of Argentina, 07 Civ. 2607 (TPG)
NML Capital, Ltd. v. Republic of Argentina, 07 Civ. 2690 (TPG)
Blue Angel Capital I LLC v. Republic of Argentina, 07 Civ. 2693 (TPG)
Aurelius Capital Partners, LP, et al. v. Republic of Argentina, 07 Civ. 2715 (TPG)
Baccanelli v. Republic of Argentina, 07 Civ. 2788 (TPG)
Baccanelli v. Republic of Argentina, 07 Civ. 3851 (TPG)
Andrarex Ltd. v. Republic of Argentina, 07 Civ. 5593 (TPG)
Borgra, et al. v. Republic of Argentina, 07 Civ. 5807 (TPG)
Ritoper v. Republic of Argentina, 07 Civ. 6426 (TPG)
Milanesi, et al. v. Republic of Argentina, 07 Civ. 7248 (TPG)
Fernandez, et al. v. Republic of Argentina, 07 Civ. 7351 (TPG)
Heeb, et al. v. Republic of Argentina, 07 Civ. 10656 (TPG)
HWB Victoria Strategies Portfolio, et al. v. Republic of Argentina, 07 Civ. 10657 (TPG)
Aurelius Capital Partners, LP, et al. v. Republic of Argentina, 07 Civ. 11327 (TPG)
HWB Victoria Strategies Portfolio, et al. v. Republic of Argentina, 07 Civ. 11382 (TPG)
Erb, et al. v. Republic of Argentina, 07 Civ. 11495 (TPG)
Zylberberg Fein LLC v. Republic of Argentina, 07 Civ. 11496 (TPG)
U.V.A. Vaduz, et al. v. Republic of Argentina, 07 Civ. 11497 (TPG)
Amber Reed Corp., et al. v. Republic Argentina, 08 Civ. 440 (TPG)
NML Capital, Ltd. v. Republic of Argentina, 08 Civ. 3302 (TPG)
Etcheto, et al. v. Republic of Argentina, 08 Civ. 4902 (TPG)
Hagemann, et al. v. Republic of Argentina, 08 Civ. 5436 (TPG)
Brandes, et al. v. Republic of Argentina, 08 Civ. 6625 (TPG)
Wilton Capital v. Republic of Argentina, 09 Civ. 401 (TPG)

## [PROPOSED] ORDER AUTHORIZING TENDER OF BENEFICIAL INTERESTS FOR PURPOSES OF PARTICIPATION IN THE 2010 EXCHANGE OFFER

WHEREAS, the Court has entered judgments in favor of plaintiffs and against the Republic of Argentina (the "Republic") in the above-captioned cases;

WHEREAS, the Republic plans to launch an exchange offer (the "2010 Exchange Offer") which will be open to owners of beneficial interests in non-performing Republic-issued securities eligible for exchange under the terms of the offer (the "Eligible Securities");

WHEREAS, plaintiffs in the above-listed cases owning beneficial interests in Eligible Securities may wish to participate in the 2010 Exchange Offer; and